James Sloan and Cora Sloan Clausen, Appellees, v. John F. Sloan, Frederick J. Sloan, Daniel E. Horan, Mary A. Cole and Alex McDonnell, Appellants.

Gen. No. 6,392.

1. DEEDS, § 1*—*when contract for conveying land to trustee constitutes conveyance and not trust and is invalid because not signed by grantees.* On a bill by a grantor to set aside and cancel an agreement whereby such grantor turned over his property to his children, and which provided that a trustee should hold the property for the beneficiaries, pay the income to the grantor during his lifetime and at the death of the grantor divide such property as directed, and where several of the children sought to have the agreement upheld, and one, after having been made a defendant, joined as party complainant, instrument construed and *held* to have been a conveyance of the property by the grantor to his children with an undertaking on their part, and that as such children did not sign the writing they could not be held bound by its provisions without their consent, and that the finding of the chancellor awarding a return of the property to the complainant should be sustained.

2. CONTRACTS, § 164*—*how construed.* A contract should be construed in the light of the surrounding circumstances, but·if it is plain and unambiguous the court has no power to write into it something which the scrivener omitted.

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917.

EVANS & EVANS, for appellants.

JUDSON STARR and SCHOLES & PRATT, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

James Sloan, a retired farmer about seventy-eight years old, residing in Peoria, Illinois, with property

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and· section number.

consisting of promissory notes and securities aggregating about $18,000, while sick at a hospital January 8, 1913, executed what purported to be his will disposing of all his property, giving it for the most part to his five children in equal shares. Some days afterwards when he had partially recovered from his sickness, he declared that he did not know anything about making the will, and that it was not such a disposition of his property as he desired. Afterwards he expressed a desire to put his property in such a way that the making of such a will as he had been caused to sign while sick could not again occur; that he wished to make a new will and dispose of his estate so that the disposition could not thereafter be changed. His son, Dr. John F. Sloan, at his request consulted a lawyer in Peoria with reference to the matter and was advised that an irrevocable will could not be made, but that an irrevocable disposition of the property could be accomplished by transferring the estate to a trustee. This information was conveyed to James Sloan, and he suggested Daniel E. Horan to act as trustee. Horan was called by telephone and consented to so act. A meeting was arranged at the attorney's office, and James Sloan went to his box at the bank and got his notes and securities and took them there, and informed the attorney that he intended at his death that $7,000 should go to John F. Sloan, $7,000 to Frederick Sloan, $3,500 to Cora Sloan Clausen, three of his children, and $500 to Mary A. Cole, a woman with whom he had boarded. He discussed the matter with the attorney and was told that he could make an absolute transfer of his property that could not be revoked, and that would secure the income therefrom to him during his lifetime. He directed the attorney to draw such an instrument, and he did draw in duplicate the instrument hereinafter set out, and James Sloan, Daniel E. Horan and Dr. John F. Sloan went to the

law office that afternoon, January 28, 1913, and James Sloan examined the instrument and had it read aloud and explained to him, and announced it was satisfactory, and signed both copies, and indorsed the notes therein described and handed them to Horan, with one copy of the instrument so executed. The instrument, signatures and acceptance by Horan read as follows:

"Know All Men By These Presents, that I, James Sloan, of the City of Peoria, in the County of Peoria, and State of Illinois, party of the first part, for and in consideration of the sum of One ($1.00) Dollar to me in hand paid, and other good and valuable considerations, the receipt of all of which is hereby acknowledged, have granted, bargained, sold and delivered, and do hereby grant, sell, bargain and deliver unto John F. Sloan, of Peoria, Illinois, Frederick J. Sloan, of Galesburg, Illinois, and Cora A. Clausen, of Omaha, Neb., my sons and daughter, respectively, parties of the second part, the following property:

(Describing securities.)

"To Have and To Hold the said property unto the said parties of the second part, their heirs, executors, administrators and assigns, to and for their own proper use and behoof forever, in the manner hereinafter provided.

"And I do hereby assign, transfer and deliver unto said parties of the second part, all of the notes and other evidences of indebtedness as above set forth, together with all the interest and other sums due or to become due thereon, and I do hereby assign, transfer and deliver unto said parties of the second part, all of my right, title and interest in and to any and all Trust Deeds, Mortgages and other securities executed in my favor or for my benefit to secure the payment of said sums of money respectively. Meaning and intending hereby to transfer and deliver absolutely to the parties of the second part, all of my right, title and interest of every kind and character in and to the above described property.

"It is expressly understood and agreed however,

that in consideration of the foregoing transfer of the above described property to the parties of the second part, all of said property and all evidences thereof and all manner of securities therefor and all papers in connection therewith, shall be and are this day at the time of the execution of this agreement, transferred and delivered to Daniel E. Horan, of Peoria, Illinois, as Trustee and acting as agent of and for the parties of the second part for the following uses and purposes:

"*First.* It being understood and agreed and a consideration of this transfer that I shall receive the income from the above described property and any and all re-investments thereof during the term of my natural life, the said Daniel E. Horan, as Trustee, holding said property for the parties of the second part, shall collect all of the income, interest and other proceeds, if any, from said property from time to time, when due and deliver the same to the party of the first part for his support and maintenance.

"*Second.* The said Daniel E. Horan, as Trustee, shall collect the principal of said sums of money respectively and the notes evidencing the same, and shall re-invest the said sums of money, or the proceeds of said notes in such manner as he shall deem to the best interests of all parties concerned and in such manner as will produce a net income from time to time equal to that now derived therefrom, and he shall keep the principal of said sums of money intact and conserve the same for the parties of the second part.

"*Third.* At the death of the party of the first part, the said Daniel E. Horan, as such Trustee, shall, as soon as conveniently may be done, divide the said sums of money and the said property, among the parties of the second part in the following proportions; which are the proportions and interests respectively in said property hereby transferred and delivered to each of them, viz.: The said Cora A. Clausen, shall receive the sum of Four Thousand Dollars ($4,000.00) in money or its equivalent, provided, however, that she shall forthwith, upon receipt thereof, pay out of

said sum to Mary A. Cole, now residing at No. 706 Hancock Street, Peoria, Ill., the sum of Five Hundred Dollars ($500.00); the balance of said money and property shall be divided and distributed by said Trustee in equal proportions to the said John F. Sloan and Frederick J. Sloan, share and share alike, each of my said sons thereby receiving, approximately, the sum of Seven Thousand Dollars ($7,000.00).

"This agreement shall extend to and be binding upon the heirs, executors, administrators and assigns of all parties hereto. In case of the death or inability to act of the said Daniel E. Horan, as Trustee, I hereby appoint Alex McDonnell, of Peoria, Ill., to act as his successor as such trustee.

"In Witness Whereof, I have hereunto set my hand and seal this 28th day of January, A. D. 1913.

James Sloan (Seal)

"Witnesses:

"Daniel E. Horan.

"Jos. F. Bartley.

"Peoria, Ill., January 28, 1913.

"I do hereby accept the duties and obligations as Trustee and agent in accordance with the terms of the foregoing instrument.

Daniel E. Horan."

April 15, 1913, James Sloan filed his bill in equity praying that this contract be canceled and the property returned to him, making all the beneficiaries therein named parties defendant. Afterwards, the bill was dismissed as to Cora Sloan Clausen, defendant, and she joined as a complainant in an amended bill, leaving the two sons, Mary A. Cole and the trustee defendants.

The grounds on which relief was sought in the amended bill were: (1) That the execution of the instrument by the complainant was obtained by fraud and undue influence; (2) that he had not at the time sufficient mental capacity to execute and deliver it, and know and understand what he was doing; (3) that as

matter of law the instrument was a mere contractual one and did not become operative because of the failure of Cora Sloan Clausen to accept it or consent to be bound by its terms.

The defendants answered, denying the allegations of the bill upon which such claim for relief was based, and the cause was submitted to the master in chancery to take the proof and report his conclusions of law and fact. He did so, and found and reported adversely to the complainant on claims numbered 1 and 2, and in his favor on number 3. It appeared without question that Cora Sloan Clausen had, when she first learned of the contract, refused to accept it or be bound by it. Each party filed exceptions to that part of the report adverse to them. The chancellor overruled all exceptions and entered a decree that the property should be returned to the complainant, James Sloan, from which decree the defendants prosecute this appeal. By errors and cross-errors assigned here, the three questions presented by the bill, as before noted, are submitted for review, but the controlling one is whether the master and the court erred, as appellants state it: "In construing the instrument to involve covenants and obligations to be kept and performed by the children of James Sloan, *cestuis que trust.*" If it did amount to a contract on the part of those children binding them to do and perform certain things for the benefit of the grantor, there can be no question that the grantor could revoke the contract before its acceptance by the grantees. In such case it amounted only to an offer to his three children that they should have certain property if they would comply with certain prescribed conditions, leaving them to accept or reject as they saw fit. As we have before noted, Cora Sloan Clausen refused to be bound by the contract as soon as she learned about it; therefore, if the writing is to be taken as a contract between James Sloan and

his children and Horan, the chancellor was right in his conclusion.

Appellants strongly insist that it should be read as simply creating a trust in Horan for the benefit of the beneficiaries named; that it imposes no burden on the beneficiaries, and therefore the refusal of one of them to accept the provision in her favor is not important, and cites many authorities in support of the rule that it is not necessary for beneficiaries in a trust agreement to all assent or accept the provision made for them; but appellants find it necessary to support their contention that the writing is a mere creation of trust for the benefit of the grantor's children by much reference to and discussion of what James Sloan said he wanted, and told the attorney he desired. It is true that the instrument should be construed in the light of the surrounding circumstances; but if it is plain and unambiguous, the court was without power in this proceeding to write into it something that the scrivener omitted. No question of reforming the written instrument is here presented.

We see no escape from the conclusion that the instrument was a conveyance of the property by James Sloan to his three children named, with an undertaking on their part that through Daniel E. Horan, as their agent and trustee, their father should, during his life, be paid an income from the property without impairing the principal, equal to what he was then receiving, and a separate undertaking on the part of Cora Sloan Clausen to pay Mary A. Cole $500. These children did not sign the writing and cannot be held bound by its provisions without their consent. There being no question that Cora Sloan Clausen never consented to be so bound, but on the contrary refused to accept the provision in her favor, we are of the opinion that the chancellor did not err in accepting the

master's construction of the contract and entering a decree accordingly. The decree is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE NIEHAUS, having at one time been connected with the case as master in chancery, took no part.